**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| FRIENDS OF RAVENNA-COWEN, an unincorporated association; and JOHN M. CARY, an individual,<br><br>　　　　　　　Appellants,<br><br>　　　v.<br><br>CITY OF SEATTLE, a Washington municipal corporation,<br><br>　　　　　　　Respondent. | No. 88217-1-I<br>(consolidated with No. 88252-0-I)<br><br>DIVISION ONE<br><br>PUBLISHED OPINION |
| JENNIFER GODFREY,<br><br>　　　　　　　Appellant,<br><br>　　　v.<br><br>OFFICE OF THE HEARING EXAMINER of the CITY OF SEATTLE, a Washington Municipal Corporation,<br><br>　　　　　　　Respondent. | |

MANN, J. — In 2024, the City of Seattle (City) released a proposed comprehensive plan, the "One Seattle Plan," and a draft environmental impact statement (DEIS) for public comment. After considering public comments, the City revised the proposed comprehensive plan and issued a final environmental impact statement (FEIS). Consistent with the City's municipal code and the information sheet

accompanying the FEIS, Friends of Ravenna-Cowen (FORC), John Cary, and Jennifer Godfrey filed timely appeals challenging the adequacy of the FEIS before the City's hearing examiner. The hearing examiner dismissed the appeals without reaching the merits based on its interpretation of recently enacted state statutes, which generally prohibit administrative or judicial review of planning actions increasing residential housing. FORC, Cary, and Godfrey,[1] unsuccessfully petitioned the King County Superior Court for a writ of review challenging the hearing examiner's dismissal.

The State Environmental Policy Act (SEPA), ch. 43.21C RCW expressly provides that a local government can establish an administrative appeal process to review an FEIS prior to a final decision on a proposed action. WAC 197-11-680(3)(a)(iii). The City established this appeal process in Seattle Municipal Code (SMC) 25.05.680, allowing an appeal of an FEIS before a final legislative decision. Contrary to the hearing examiner's interpretation, the plain language of the appeal prohibition statutes do not prohibit an administrative appeal of the adequacy of an FEIS prior to local government action.

We hold that the superior court erred in denying the writ of review because there is no adequate remedy at law and the hearing examiner committed legal error. We reverse and remand to the superior court for issuance of a writ of review consistent with this opinion.

---

[1] FORC along with Cary and Godfrey filed separate cases in the superior court and appealed to this court separately. FORC and Cary were assigned case No. 88217-1-I. Godfrey was assigned case No. 88252-0-I. While briefed separately, we exercise our discretion under RAP 3.3(b) and consolidate the two appeals.

I        BACKGROUND

A        Legal Framework

The Growth Management Act (GMA), ch. 36.70A RCW sets out broad goals to guide local governments in the adoption of comprehensive plans and development regulations.  RCW 36.70A.020.  Jurisdictions must periodically update their comprehensive plans and implement development regulations according to schedules provided in RCW 36.70A.130.

SEPA requires the preparation of an EIS for any "major actions significantly affecting the quality of the environment."  RCW 43.21C.030(c); Int'l Longshore & Warehouse Union, Loc. 19 v. City of Seattle, 176 Wn. App. 512, 519, 309 P.3d 654 (2013) (ILWU Loc. 19).  Under SEPA, the definition of "action" is broad and includes both project and nonproject actions.  WAC 197-11-704.  Nonproject actions are decisions on policies, plans, or programs.  WAC 197-11-704(2)(b).  Amendments to comprehensive plans and development regulations, like the One Seattle Plan at issue here, are "nonproject actions" under SEPA.  WAC 197-11-704(2)(b)(i), (ii).

There are several steps involved in preparing an EIS.  First, the agency—here, the City—invites public comments on the scope of the EIS, which involves identifying probable significant adverse impacts and reasonable alternatives.  WAC 197-11-408. The City then prepares a DEIS that it must circulate to the public and affected agencies for comment.  WAC 197-11-400 to -455; WAC 197-11-460; WAC 197-11-500 to -550. The City must then prepare an FEIS that addresses and responds to the comments received.  WAC 197-11-560.

An EIS analyzes a proposed nonproject action through various alternatives, including a no-action alternative and a preferred alternative. WAC 197-11-440(5). Reasonable alternatives are those "that could feasibly attain or approximate a proposal's objectives, but at a lower environmental cost or decreased level of environmental degradation." WAC 197-11-440(5).

Timing of environmental review under SEPA is critical. One of the basic purposes of an EIS is to ensure that local governments "'consider total environmental and ecological factors to the fullest extent when taking major actions significantly affecting the quality of the environment.'" King County v. Boundary Review Bd. for King County, 122 Wn.2d 648, 659, 860 P.2d 1024 (1993) (quoting Lassila v. City of Wenatchee, 89 Wn.2d 804, 813, 576 P.2d 54 (1978) (internal quotation marks omitted)). "The point of an EIS is not to evaluate agency decisions after they are made, but rather to provide environmental information to assist with making those decisions." King County, 122 Wn.2d at 666; Norway Hill Pres. & Prot. Ass'n v. King County Council, 87 Wn.2d 267, 279, 552 P.2d 674 (1976) ("the clear mandate of SEPA, and the purpose behind the environmental impact statement requirement, is consideration of environmental values based on full information [b]efore a decision is made."). "In short, the EIS is the 'vector' by which SEPA integrates its policies and requirements into the thoughts and actions of state and local agencies." Columbia Riverkeeper v. Port of Vancouver USA, 188 Wn.2d 80, 105, 392 P.3d 1025 (2017) (Stephens, J. dissenting).

Agencies, including cities, responsible for making SEPA determinations, including adoption of an FEIS, may choose whether to provide an administrative appeal process for challenging its determinations. RCW 43.21C.075(3); WAC 197-11-680(3).

If a city allows an appeal of a SEPA determination, generally the appeal must be tied to an underlying government action. RCW 43.21C.075(3)(b); WAC 197-11-680(3)(v). The policy reason for requiring parties to wait until the government has taken an "action" before judicial review may occur is to avoid piecemeal decision-making. ILWU Loc. 19, 176 Wn. App. at 520.

But where an agency is reviewing a nonproject action, such as the adoption of a comprehensive plan or development regulations, SEPA allows for the agency to provide an administrative appeal of a SEPA determination, like an FEIS, prior to taking final action on adoption of the underlying nonproject action itself. RCW 43.21C.075(3)(b)(iii); WAC 197-11-680(3)(a)(iii), (vi)(C).[2] Consistent with SEPA, the City allows an administrative appeal of the adequacy of an FEIS for a nonproject action to the City's hearing examiner prior to the City taking final action on the proposal. SMC 25.05.680.B.3.[3]

Recently the legislature enacted several laws authorizing or mandating local governments to increase housing options and capacity. See LAWS OF 2024, ch. 180, § 1; LAWS OF 2023, ch. 332, § 1; LAWS OF 2023, ch. 334, § 1; LAWS OF 2020, ch. 217, § 1. For example, RCW 36.70A.600(1)(c) and (d) encourage cities to take certain actions to increase housing capacity by allowing duplexes, triplexes, stacked flats, courtyard apartments and others in zones that permit single-family homes or on lots where they

---

[2] As Amici Environmental Advocates and Experts, succinctly suggest: "the obvious purpose of allowing predecisional SEPA appeals when the agency itself is the project proponent is to ensure that the ultimate decisionmaker (here, the Seattle City Council) has the benefit of a decision of a neutral adjudicator before it decides how to proceed."

[3] The hearing examiner must complete the appeal process for a nonproject action in a timely manner, generally within 120 days. SMC 25.05.680.B.3.

are currently not allowed.  The statute then provides that, "[t]he adoption of ordinances, development regulations and amendments to such regulations, and other nonproject actions taken by a city to implement the actions specified in subsection (1) of this section, with the exception of the action specified in subsection (1)(f) of this section, <u>are not subject to administrative or judicial appeal under chapter 43.21C RCW</u>."  RCW 36.70A.600(3) (emphasis added).  Similarly, RCW 36.70A.680 and RCW 36.70A.681 require local governments to allow two accessory dwelling units on all lots that allow single-family homes.  The statute further provides that, "[a]ny action taken by a city or county to comply with the requirements of this section or RCW 36.70A.681 <u>is not subject to legal challenge under this chapter or chapter 43.21C RCW</u>."  RCW 36.70A.680(3) (emphasis added).  The parties refer to these statutes as the appeal prohibition statutes.

B      Facts

The City is in the process of updating its comprehensive plan and its implementing development regulations.  The proposed plan is known as the One Seattle Plan and establishes a growth plan for 2024-2044.

In March 2024, the City published a draft plan and an accompanying DEIS.  The DEIS analyzed five alternatives: one "no-action" alternative and four action alternatives, which varied in how and where the City would direct housing and job growth over the next 20 years.  There was public notice of the draft plan and the DEIS.  The public comment period ran for about two months, and the City received around 6,000 written comments and 504 comments on the DEIS.  FORC and Godrey submitted comments to the DEIS, but Cary did not.

In October 2024, the City published proposed implementing development regulations and zoning maps.  The proposed implementing regulations are divided into two groups: Phase 1 and Phase 2.  Phase 1 regulations update the City's "Neighborhood Residential" zoning (formerly single-family zoning).  The proposed regulations generally allow four to six dwelling units (duplexes, triplexes, townhouses) on most residential lots throughout the city.  Phase 1 also implements H.B. 1337, which requires local jurisdictions to allow two accessory dwelling units on lots zoned for single-family homes.  The Phase 2 regulations would adopt additional changes to the City's zoning maps and regulations.

In January 2025, the mayor's office published an updated One Seattle Plan and issued the FEIS.  The FEIS analyzed the same five alternatives as the DEIS and added a sixth alternative called the preferred alternative, which is the mayor's proposed One Seattle Plan.  The FEIS was accompanied by the City's notice of availability, which set requirements for appealing the adequacy of the FEIS to the City's hearing examiner.

While this appeal was pending, on December 16, 2025, the City Council passed legislation adopting the One Seattle Plan and Phase 1 of implementing development regulations.  City staff have prepared and transmitted to the City Council for its consideration Phase 2 of the development regulations.  Phase 2, as proposed, will increase zoning density along arterials in much of the City's urban neighborhoods.

C    Procedural History

Consistent with the notice of availability issued with the FEIS, in February 2025, six appeals were filed with the City's hearing examiner challenging the adequacy of the FEIS.  The appeals claimed that the One Seattle Plan significantly changed in October

-7-

2024, after the DEIS was issued, and resulted in a significant increase in housing capacity not reviewed in the DEIS or FEIS. They claimed that the City was required to prepare a supplemental EIS to address this increase.

The City moved to dismiss all of the appeals arguing that they were barred by the appeal prohibition statutes: RCW 36.70A.070(2), RCW 36.70A.680(3), and RCW 36.70A.600(3). The City also moved to dismiss some of the appeals, including Cary's for lack of standing because they failed to comment on the DEIS.

The hearing examiner dismissed the appeals on two grounds. The examiner dismissed four appeals, including Cary's, for lack of standing because the appellants failed to submit comments on the DEIS. The examiner dismissed the remaining appeals, including FORC's and Godfrey's under two of the appeal prohibition statutes: RCW 36.70A.600(3) and RCW 36.70A.680(3).[4]

FORC, Cary, and Godfrey then petitioned the King County Superior Court for a writ of review under RCW 7.16.040. They requested that the superior court (1) direct the hearing examiner to certify to the court the records of all proceedings and (2) reverse the hearing examiner's dismissal and remand for a full hearing on the issues raised in the appeals.

The superior court denied the requests for a writ of review.

FORC, Cary, and Godfrey appeal.

---

[4] The hearing examiner declined to dismiss the appeal under RCW 36.70A.070(2).

II        ANALYSIS

A        Writ of Review

"A writ of review is an extraordinary remedy granted by statute."  City of Seattle v. Holifield, 170 Wn.2d 230, 239, 240 P.3d 1162 (2010).  This court reviews a superior court's order on a statutory writ de novo.  Holifield, 170 Wn.2d at 240.  RCW 7.16.040 provides:

> A writ of review shall be granted by any court, except a municipal or district court, when an inferior tribunal, board or officer, exercising judicial functions, has exceeded the jurisdiction of such tribunal, board or officer, or one acting illegally, or to correct any erroneous or void proceeding, or a proceeding not according to the course of the common law, and there is no appeal, nor in the judgment of the court, any plain, speedy and adequate remedy at law.

Thus, in order to issue a writ of review, the court must find "(1) that an inferior tribunal, (2) exercising judicial functions, (3) exceeded its jurisdiction or acted illegally, and (4) there is no adequate remedy at law."  Raynes v. City of Leavenworth, 118 Wn.2d 237, 244, 821 P.2d 1204 (1992).  There is no dispute that the hearing examiner is an inferior tribunal exercising judicial functions.  At issue is: (1) whether there is an adequate remedy at law and (2) whether the hearing examiner acted illegally.  Each is addressed in turn.

1        Adequate Remedy at Law

FORC, Cary, and Godfrey argue that a writ of review is needed because there is no adequate remedy at law to challenge the hearing examiner's dismissal of their appeals on jurisdictional grounds.  The City argues that the GMA provides an adequate legal remedy because FORC, Cary, and Godfrey may challenge the FEIS to the Growth

Management Hearings Board (GMHB or Board).  We agree with FORC, Cary, and Godfrey.

The City relies on Davidson Serles & Assocs. v. City of Kirkland, 159 Wn. App. 616, 246 P.3d 822 (2011).  Davidson Serles petitioned the trial court seeking a constitutional writ of review challenging the legal adequacy of an EIS and the enactment of an ordinance taken in reliance upon the EIS.  Davidson Serles, 159 Wn. App. at 623-24.  The trial court granted summary judgment and dismissed Davidson Serle's claims for lack of jurisdiction.  Davidson Serles, 159 Wn. App. at 624.  Davidson Serles appealed.  We affirmed the trial court concluding that the GMHB had exclusive authority over appeals of the adoption of comprehensive plans, development regulations, and SEPA compliance related to those adoptions.  Davidson Serles, 159 Wn. App. at 625.

Davidson Serles is distinguishable for three reasons.  First, the petition for review at issue sought review of the City of Kirkland's compliance with SEPA after the City had adopted its proposed comprehensive plan amendments.  There is no indication that Kirkland, unlike the City, expressly allowed for predecisional administrative appeals.  Second, the issue before us is not whether the FEIS is adequate, but whether the hearing examiner lacked authority to even consider the predecisional appeals despite express authority in Seattle's municipal code, and express directions in the FEIS notice of availability.  And finally, despite the City's insistence that FORC, Cary, and Godfrey have an adequate remedy at law to challenge the adequacy of the FEIS to the GMHB after the City takes final action, this is not true.  This again misunderstands the nature of the issue before us, which is not the adequacy of the FEIS but the scope of the hearing examiner's authority.  The erroneous loss of the predecisional review that the City has

voluntarily and expressly afforded cannot be cured by later review of a decision not based on the process the City elected to afford in its code. It is also true, as discussed below, that RCW 36.70A.600(3) expressly prohibits administrative and judicial appeals—including to the GMHB—of the City's adoption of ordinances, development regulations, or other nonproject actions under SEPA.

There is no adequate legal remedy for FORC, Cary, and Godfrey to challenge the hearing examiner's dismissal on jurisdictional grounds. The City concedes that there is no appeal available for this type of dismissal.[5] Therefore, there is no adequate legal remedy for the parties.

## 2    Legal Error

FORC, Cary, and Godfrey argue that the hearing examiner legally erred by relying on the appeal prohibition statutes because those statutes apply only to ordinances, regulations, or nonproject actions, and the FEIS is none of those. We agree.

Interpretation of statutes and ordinances is a question of law reviewed de novo. Whatcom County Fire Dist. No. 21 v. Whatcom County, 171 Wn.2d 421, 427, 256 P.3d 295 (2011). The primary purpose of statutory interpretation is to determine and effectuate legislative intent. Swinomish Indian Tribal Cmty. v. Dep't of Ecology, 178 Wn.2d 571, 581, 311 P.3d 6 (2013). "We determine plain meaning 'from all that the Legislature has said in the statute and related statutes which disclose legislative intent

---

[5] Wash. Ct. of Appeals oral arg., Friends of Ravenna-Cowen & Cary v. City of Seattle, No. 88217-1-I, and Godfrey v. Off. of Hr'g Exam'r, No. 88252-0-I (Mar. 4, 2026), at 21 min., 54 sec., https://tvw.org/video/division-1-court-of-appeals-2026031144/

about the provision in question.'" Swinomish, 178 Wn.2d at 581 (internal quotation marks omitted) (quoting TracFone Wireless, Inc. v. Dep't of Revenue, 170 Wn.2d 273, 281, 242 P.3d 810 (2010)).

The hearing examiner relied on the following appeal prohibitions in RCW 36.70A.600(3) and RCW 36.70A.680(3) in dismissing the appeals. RCW 36.70A.600(3) provides:

> The adoption of ordinances, development regulations and amendments to such regulations, and other nonproject actions taken by a city to implement the actions specified in subsection (1) of this section, with the exception of the action specified in subsection (1)(f) of this section, are not subject to administrative or judicial appeal under chapter 43.21C RCW.

RCW 36.70A.680(3) provides:

> Any action taken by a city or county to comply with the requirements of this section or RCW 36.70A.681 is not subject to legal challenge under this chapter or chapter 43.21C RCW.

The hearing examiner rejected FORC, Cary, and Godfrey's argument that these statutes do not prohibit the appeal of the FEIS because the FEIS is not an "action" within the meaning of the statute. The hearing examiner explained:

> In this case, if the Appellants' interpretation of the statutes were correct then there would likely be no statutory exemption to administrative or judicial appeals under chapter 43.21C RCW as provided in the statutes, and these portions of the statutes would be rendered meaningless. If as Appellants argue, only final actions are subject to exemption from chapter 43.21C RCW appeals and not a FEIS that is part of the process to take such action, then the statutes must be indicating that the specified actions could be appealed under chapter 43.21C RCW. However, there is no right of appeal of "ordinances, development regulations and amendments to such regulations, and other nonproject actions" under 43.21C RCW. 43.21C RCW only provides for appeals of SEPA determinations such as a DNS or FEIS. Thus, Appellants' interpretation would require a conclusion that the legislature adopted statutes referencing an exemption that was meaningless, a result that if not absurd is certainly a strained consequence.

The plain language of the statute makes clear that the appeal prohibition applies only to the "adoption of ordinances, development regulations and amendments to such regulations, and other nonproject actions," and "actions" to comply with RCW 36.70A.680, and .681. The appeal prohibition statutes do not address optional predecisional administrative appeals. The publication of an FEIS is not an adoption of an ordinance, development regulation, or other nonproject action. Nor is the publication of a final EIS is an "action" under SEPA. An FEIS issued in connection with a comprehensive plan is a "procedural determination" about a proposed "nonproject action." See WAC 197-11-680(3)(a)(iii). And SEPA specifically states that the term "actions" does not include a "procedural determination by itself." RCW 43.21C.075(8). Therefore, based on the plain language of the statute, an administrative appeal of the adequacy of an FEIS prior to the agency taking action on the proposal is not prohibited. Here, it is authorized under RCW 43.21C.075(3)(b)(iii), WAC 197-11-680(3)(a)(iii), (vi)(C), and SMC 25.05.680.B.1.b.[6]

While the legislature could have amended RCW 43.21C.075(3)(b)(iii) to prohibit procedural appeals on nonproject actions at the same time it enacted the appeal prohibition statutes, it did not. We presume the legislature has "'full knowledge of existing statutes affecting the matter upon which they are legislating.'" State v. Conte, 159 Wn.2d 797, 808, 154 P.3d 194 (2007) (internal quotation marks omitted) (quoting Martin v. Triol, 121 Wn.2d 135, 148, 847, P.2d 471 (1993)).

---

[6] And contrary to the hearing examiner's interpretation, allowing predecisional administrative appeals of an FEIS does not render either RCW 36.70A.600 or .680 meaningless. Under both statutes, administrative and judicial appeals of the adoption of ordinances for compliance with SEPA and other actions are still prohibited.

The City also could have amended SMC 35.05.680 to prohibit appeals of the adequacy of an FEIS, but it did not. And indeed, the City's notice of availability for the FEIS—which was issued long after the legislature enacted the appeal prohibition statutes—expressly set out that the FEIS could be appealed to the City's hearing examiner.

For those reasons, the hearing examiner committed legal error by dismissing the administrative appeals of the FEIS under the appeal prohibition statutes. Accordingly, the superior court erred in declining to issue a writ of review because there is no adequate remedy at law and the hearing examiner committed legal error.

B      Standing of Cary

FORC and Cary argue that Cary's appeal should not have been dismissed based on SMC 25.05.545 because he did not submit a comment on the DEIS. They contend that SMC 25.05.545 identifies two scenarios for appellants seeking review of an FEIS who did not comment on the DEIS. SMC 25.05.545.A provides that if a "consulted agency" fails to comment, it is barred from later alleging defects in SEPA compliance. And, in contrast, SMC 25.05.545.B states that a failure to comment by members of the public shall merely be "construed as [a] lack of objection to the environmental analysis." And as a result, FORC and Cary contend that failure to comment on a DEIS should not bar a member of the public from appealing the FEIS. We disagree.

The City cites <u>Spokane Rock Products, Inc. v. Spokane County Air Pollution Control Authority</u>, No. 05-127, 2006 WL 8444703, at *4 (Wash. Pollution Control Hr'gs Bd. Feb. 13, 2006). In that case, the PCHB interpreted WAC 197-11-545(2)—which

contains nearly identical language to SMC 25.05.545.B—to bar standing for members of the public that do not comment on the DEIS:

> that the language of WAC 197-11-545(2) requires "other agencies and the public" to exhaust administrative remedies before a party will have standing to seek further review of SEPA decisions before this Board. This is consistent with well-established Washington law that a party must generally exhaust all available remedies prior to seeking judicial relief. [Citizens for Mount Vernon v. City of Mount Vernon, 133 Wn.2d 861, 866, 947 P.2d 1208 (1997).] Such an interpretation is also consistent with long-standing interpretations of SEPA that encourage consideration of environmental factors as early as possible so decision makers will have all relevant information in front of them. [Kitsap County v. Dep't of Nat. Resources, 99 Wn.2d 386, 391, 662 P.2d 381(1983); King County, 122 Wn.2d at 663].
>
> . . . .
>
> Participation in public hearings, or commenting through the environmental review process are in some circumstances the only administrative remedy available to a party and thus are the forums in which exhaustion of remedies must occur in order for the party to later make a claim. See [Citizens,] 133 Wn.2d at 869. The very language of WAC 197-11- 545(2) that "lack of comment" shall be construed as "lack of objection" to the environmental analysis assumes that a comment period is part of an available administrative process that should be utilized by interested members of the public.

Spokane Rock Prods., No. 05-127, 2006 WL 8444703, at *4-*5. Accordingly, the PCHB held "[t]heir lack of comment is a failure to exhaust available administrative remedies and must be construed as a lack of objection to the environmental analysis. As a result, they lack standing to pursue SEPA claims in this appeal." Spokane Rock Prods., No. 05-127, 2006 WL 8444703, at *4-*5.

In contrast, FORC relies on Shoreline Preservation Society v. City of Shoreline, No. 15-3-0002, 2015 WL 5692744 (Wash. Growth Mgmt. Hr'gs Bd. Sep. 15, 2015). There, the City issued an FEIS for proposed amendments to the City's comprehensive plan and development regulations. Shoreline Pres., 2015 WL 5692744, at *1-*2. After

the DEIS comment period, the City developed a preferred alternative plan that the City acknowledged went beyond the alternatives analyzed in the DEIS. Shoreline Pres., 2015 WL 5692744 at *9. Accordingly, the City invited public comment on the FEIS, which the petitioners commented on, but they did not comment on the DEIS. Shoreline Pres., 2015 WL 5692744 at *9-*10. The Board concluded that in the "unique facts" of the case, the City invited comment on the FEIS, admitted the new alternative went beyond the scope of the DEIS, so the petitioners did not waive their challenge for failing to comment on the DEIS. Shoreline Pres., 2015 WL 5692744 at *10.

Here, unlike Shoreline Preservation, the "unique facts" are not present. The City did not reopen the FEIS for public comment. We agree with the PCHB's conclusion in Spokane Rock Products, that a failure to comment on the DEIS deprives Cary of standing.

C      Mootness

While this appeal was pending, the City moved under RAP 18.9(c)(2) to dismiss the appeal as moot. On December 16, 2025, the City Council passed legislation adopting the amended One Seattle Plan and Phase 1 of implementing the development regulations. The mayor signed the legislation on December 22, and it went into effect on January 21, 2026. As a result, the City contends the case is moot because this court cannot provide effective relief. See Love Overwhelming v. City of Longview, 32 Wn. App. 2d 346, 351, 556 P.3d 692 (2024). We disagree.

As discussed above, "[t]he point of an EIS is not to evaluate agency decisions after they are made, but rather to provide environmental information to assist with making those decisions." King County, 122 Wn.2d at 666. While the City has adopted

the One Seattle Plan and Phase 1 of the development regulations, the parties do not dispute that the City has yet to adopt Phase 2 of the development regulations. The City Council still has discretion to act.

The City argues that because the One Seattle Plan authorizes Phase 2, any attack on the environmental analysis for Phase 2 would be a collateral attack on the analysis in the adopted Plan. The City relies on Policy GS 6.3 of the One Seattle Plan which addresses Phase 2: "Allow moderate-scale housing of 4 to 6 stories in areas currently zoned for such housing and along arterials where zoned densities <u>may</u> be increased to provide more housing options near frequent transit." One Seattle Plan policy GS 6.3 (emphasis added). In other words, while the One Seattle Plan allows for increased zoning densities along arterials in Phase 2, it does not require it. Thus, if the City Council decides, based on supplemental environmental review, not to increase zoning densities in Phase 2, it would likely be consistent with the One Seattle Plan and within its discretion.

Therefore, this court can still provide effective relief. If, on remand, the hearing examiner concludes that the FEIS analysis of the Phase 2 development regulations is inadequate and requires supplementation, the City Council will have the opportunity to consider any new information before it decides whether to adopt Phase 2.[7] Thus, to the extent that FORC, Godfrey, and Cary argue that the FEIS is inadequate to the Phase 2 regulations, those issues are not moot.[8] We deny the City's motion to dismiss.

---

[7] And as counsel for FORC and Cary agreed at oral argument, if the hearing examiner conducts its review of the adequacy of the FEIS and concludes that it is adequate, under the appeal prohibition statutes, there is no further recourse.

[8] We agree with the City that the outcome of the hearing examiner's review of the FEIS cannot affect the City's already enacted One Seattle Plan or Phase 1 of the development regulations.

III    CONCLUSION

The superior court erred in denying the writ of review because there is no adequate remedy at law and the hearing examiner committed legal error.  We reverse and remand to the superior court for issuance of a writ of review consistent with this opinion.[9]

_Mann, J._

WE CONCUR:

_Bowman, J._                                    _Birk, J._

___
[9] We also deny appellants' motion to delay final action on Phase 2 legislation.